```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DEBORAH WOODS,                              : (Hon. Sterling Johnson, Jr.)
                                            :
                    Plaintiff,              : No. 15-cv-5167-SJ-MDG
                                            :
        - against -                         : **ANSWER OF THE PORT**
                                            : **AUTHORITY OF NEW YORK**
THE CITY OF NEW YORK, PORT AUTHORITY OF     : **AND NEW JERSEY**
NEW YORK AND NEW JERSEY AND POLICE/PEACE/   :
SECURITY OFFICER "JOHN DOE",                : **JURY TRIAL DEMANDED**
                                            :
                    Defendants.             :
------------------------------------------------------------------x
```

Defendant The Port Authority of New York and New Jersey (the "Port Authority"), by and through its attorneys, Dentons US LLP, as and for its Answer ("Answer") to the Verified Complaint ("Complaint") filed by Plaintiff Deborah Woods, states upon information and belief as follows:

## AS TO THE FIRST ALLEGED CAUSE OF ACTION

1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that the Port Authority is a body, corporate and politic, created by Compact between the States of New York and New Jersey with the consent of the Congress of the United States and has a principal place of business at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that a document purporting to be a Notice of Claim was received by the Port Authority on or about October 8, 2014.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that no payment or adjustment has been made to date and respectfully refers all questions of law to the Court.

10. Denies the allegations set forth in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

## AS TO THE SECOND ALLEGED CAUSE OF ACTION

22. In response to paragraph "22" of the Complaint, the Port Authority re-alleges each and every response contained in paragraphs "1" through "21" of its Answer as if fully set forth herein.

23. There is no paragraph "23" in the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26' of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

## AS TO THE THIRD ALLEGED CAUSE OF ACTION

31. In response to paragraph "31" of the Complaint, the Port Authority re-alleges each and every response contained in paragraphs "1" through "30" of its Answer as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the Complaint, including each and every subpart of said paragraph.

33. There is no paragraph "33" in the Complaint.

34. Denies the allegations set forth in paragraph "33" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations against defendant "JOHN DOE" and otherwise denies the allegations set forth in the second sentence of paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

## AS TO THE FOURTH ALLEGED CAUSE OF ACTION

37. In response to paragraph "37" of the Complaint, the Port Authority re-alleges each and every response contained in paragraphs "1" through "36" of its Answer as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. Denies that Plaintiff is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph immediately following paragraph "45" of the Complaint, or to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

47. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

48. The Port Authority acted at all relevant times reasonably and in good faith and in a manner consistent with the Constitution of the United States, the State of New York, and all applicable laws.

## THIRD AFFIRMATIVE DEFENSE

49. The Port Authority cannot be held liable on a theory of *respondeat superior* for claims brought under 42 U.S.C. § 1983.

## FOURTH AFFIRMATIVE DEFENSE

50. The Port Authority is not liable for any alleged violations of Plaintiff's Federal Constitutional rights, for the alleged actions of its alleged employee are not the custom, practice, policy, or procedure of the Port Authority and as such the Port Authority is entitled to dismissal of the Complaint pursuant to the authority of *Monell v. Department of Social Services of the City of New York, et al.*, 436 U.S. 658 (1978).

## FIFTH AFFIRMATIVE DEFENSE

51. There was probable cause for Plaintiff's arrest and/or detention, if any.

## SIXTH AFFIRMATIVE DEFENSE

52. Plaintiff's arrest and/or detention was justified under the Penal Law and Criminal Procedure Law of the State of New York and the Fourth and Fourteenth Amendments to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

53. The use of force, if any, was justified in the circumstances, and necessary and reasonable under the laws of the State of New York and the United States.

**EIGHTH AFFIRMATIVE DEFENSE**

54. To the extent that a Port Authority police officer, employee, servant and/or agent was involved, he or she acted in good faith and with probable cause and justification, and therefore no claim lies against said person(s) in the conduct of his or her duties.

**NINTH AFFIRMATIVE DEFENSE**

55. To the extent that a Port Authority police officer was involved, he or she is entitled to a qualified immunity with respect those acts performed pursuant to his or her duties and responsibilities as a police officer in the State of New York.

**TENTH AFFIRMATIVE DEFENSE**

56. The Port Authority is immune from suit for its exercise of discretion in the performance of a governmental function and/or its exercise of professional judgment.

**ELEVENTH AFFIRMATIVE DEFENSE**

57. The liability of the Port Authority, if any, must be limited by the provisions of CPLR Article 16.

**TWELFTH AFFIRMATIVE DEFENSE**

58. The Port Authority cannot be held liable for punitive damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

59. The alleged damages, if any, were the result, in whole or in part, of the direct and proximate negligence, want of care, or other conduct of persons, their agents or employees, or others unknown at this time over whom the Port Authority had no control at any time relevant thereto, and in the event the Port Authority is found liable to Plaintiff, which liability is expressly denied, the Port Authority is entitled to indemnification, contribution, or apportionment of liability pursuant to applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE

60. The alleged incidents and damages, if any, sustained by Plaintiff were caused in whole or in part by Plaintiff's culpable conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

61. The alleged damages were not proximately caused by any negligence, want of care, or other culpable conduct on the part of the Port Authority.

### SIXTEENTH AFFIRMATIVE DEFENSE

62. Plaintiff assumed the risk of her alleged injuries and on that account the Port Authority is not liable to Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

63. Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by the Port Authority or by any person for whom the Port Authority is responsible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

64. To the extent that a Port Authority police officer, employee, servant and/or agent was involved in the alleged incidents, the Port Authority is not liable for acts performed outside the scope of said person(s) employment.

### NINETEENTH AFFIRMATIVE DEFENSE

65. To the extent that a Port Authority police officer, employee, servant and/or agent was involved, the Port Authority is not responsible for intentional torts, if any, committed by said person(s).

### TWENTIETH AFFIRMATIVE DEFENSE

66. That if Plaintiff has received remuneration and/or compensation for some or all of her claimed economic loss, or will with reasonable certainty receive remuneration and/or

compensation for said loss in the future, the Port Authority is entitled to have Plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation pursuant to Section 4545(c) of the CPLR.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

67. Any damages awarded to Plaintiff must be reduced by the amount of any collateral source including, but not limited to, insurance, social security, workers compensation or employee benefit programs, that the Court finds was, or will be with reasonable certainty, replaced or indemnified.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

68. The Court lacks subject matter and/or personal jurisdiction over the Port Authority and/or its employees if Plaintiff has failed to comply with the statutory requirements or conditions precedent provided for in N.Y. Unconsolidated §§ 7107 et seq. (McKinney's Consolidated Laws of N.Y. 2000).

### RESERVATION OF DEFENSES AND OBJECTIONS

69. The Port Authority hereby reserves the right to interpose such other defenses and objections as continuing investigation may disclose, and to the extent that any affirmative defense is incorrectly pleaded herein as a defense, it is so pleaded as an affirmative defense.

## CROSS-CLAIMS AGAINST CO-DEFENDANTS, THE CITY OF NEW YORK AND POLICE/PEACE/SECURITY OFFICER "JOHN DOE"

70. The Port Authority, as and for its Cross-Claims against Co-Defendants, The City of New York (the "City") and Police/Peace/Security Officer "John Doe" ("Officer John Doe"), states upon information and belief as follows:

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS, THE CITY OF NEW YORK AND POLICE/PEACE/SECURITY OFFICER "JOHN DOE"

71. Whatever injuries and damages were sustained by Plaintiff were directly and proximately caused by the acts, omissions, fault and negligence of Co-Defendants, the City and Officer John Doe, or their agents, servants and/or employees, without any active or affirmative negligence or culpable conduct on the part of the Port Authority contributing thereto.

72. If any verdict or judgment is recovered in this action by Plaintiff for the damages alleged in the Complaint, such verdict of judgment will have been brought about and caused solely by the reason of the carelessness, negligence, both of omission or commission, or other culpable conduct on the part of Co-Defendants, the City and Officer John Doe, or their agents, servants and/or employees, and the Port Authority is therefore, entitled to full indemnity in an amount equal to the sum of any verdict or judgment from Co-Defendants, the City and Officer John Doe, together with costs and disbursements of the within action.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS, THE CITY OF NEW YORK AND POLICE/PEACE/SECURITY OFFICER "JOHN DOE"

73. The Port Authority repeats and re-alleges each and every allegation contained in paragraphs "70" through "72" of its Answer with the same force and effect as if fully set forth herein.

74. Whatever injuries and damages were sustained by Plaintiff were caused in substantial part by the acts, omissions, fault and negligence of Co-Defendants, the City and Officer John Doe, or their agents, servants and/or employees.

75. If any verdict or judgment is recovered in this action by Plaintiff for the damages alleged in the Complaint, such verdict of judgment will have been brought about in part by the carelessness, negligence, both of omission or commission, or other culpable conduct on the part of Co-Defendants, the City and Officer John Doe, or their agents, servants and/or employees, and the Port Authority is therefore entitled to contribution from Co-Defendants, the City and Officer John Doe, or their agents, servants and/or employees, in accordance with the parties' respective culpability.

## **JURY DEMAND**

76. Pursuant to Fed. R. Civ. P. 38, the Port Authority demands a trial by jury.

**WHEREFORE,** the Port Authority demands judgment dismissing the Complaint, together with attorneys' fees, costs and disbursements incurred by the Port Authority in defense of this action and further demands that it have judgment over and against Co-Defendants, the City and Officer John Doe, on its Cross-Claims for the full amount of any verdict or judgment that may be recovered against the Port Authority in this action and further, in the alternative, demands that the relative responsibilities, if any, of all defendants herein be established and apportioned amongst themselves and that the Port Authority recover all costs, disbursements, expenses and reasonable attorneys' fees incurred in the defense of this action and in the conduct of its Cross-Claims and for such other relief as this Court may determine is just, proper and equitable.

Dated: New York, New York
       October 9, 2015

DENTONS US LLP

By: _Diane Westwood Wilson_
    Diane Westwood Wilson
    Rebecca Tingey

1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 905-8369
Fax: (212) 768-6822
Email: diane.wilson@dentons.com
Email: rebecca.tingey@dentons.com

*Attorneys for Defendant The Port Authority of New York and New Jersey*

TO:   Mark J. Linder, Esq.
       Harmon & Linder
       3 Park Avenue, Suite 2300
       New York, New York 10016
       (212) 732-3665
       *Attorneys for Plaintiff*

       Zachary W. Carter, Esq.
       Corporation Counsel of the City of New York
       100 Church Street
       New York, New York 10007

-and-

Suzanne E. Aribakan, Esq.
Senior Counsel
New York City Law Department
100 Church Street
New York, New York 10007
(212) 356-2386
*Attorneys for Defendant*
*The City of New York*