
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

| | |
|---|---|
| DEBORAH WOODS, | : (Hon. Sterling Johnson, Jr.) |
| Plaintiff, | : No. 15-cv-5167-SJ-MDG |
| - against - | : **ANSWER OF THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY TO CROSS-CLAIM BY THE CITY OF NEW YORK** |
| THE CITY OF NEW YORK, PORT AUTHORITY OF NEW YORK AND NEW JERSEY AND POLICE/PEACE/ SECURITY OFFICER "JOHN DOE", | |
| Defendants. | : **JURY TRIAL DEMANDED** |

-----------------------------------------------------------------------x

Defendant The Port Authority of New York and New Jersey (the "Port Authority"), by and through its attorneys, Dentons US LLP, as and for its Answer to the Cross-Claim set forth in Defendant The City of New York's (the "City") Answer to Plaintiff's Complaint states upon information and belief as follows:

### AS TO THE ALLEGED FIRST AND ONLY CROSS-CLAIM AGAINST THE PORT AUTHORITY

1. Denies the allegations set forth in paragraph "14" of the City's Answer and refers all questions of law to the Court.

2. Denies that the City is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph immediately following paragraph "14" of the City's Answer, or to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

3. The Cross-Claim fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

4.     The Port Authority acted at all relevant times reasonably and in good faith and in a manner consistent with the Constitution of the United States, the State of New York, and all applicable laws.

**THIRD AFFIRMATIVE DEFENSE**

5.     The Port Authority cannot be held liable on a theory of *respondeat superior* for claims brought under 42 U.S.C. § 1983.

**FOURTH AFFIRMATIVE DEFENSE**

6.     The Port Authority is not liable for any alleged violations of Plaintiff's Federal Constitutional rights, for the alleged actions of its alleged employee are not the custom, practice, policy, or procedure of the Port Authority and as such the Port Authority is entitled to dismissal of the Complaint pursuant to the authority of *Monell v. Department of Social Services of the City of New York, et al.*, 436 U.S. 658 (1978).

**FIFTH AFFIRMATIVE DEFENSE**

7.     There was probable cause for Plaintiff's arrest and/or detention, if any.

**SIXTH AFFIRMATIVE DEFENSE**

8.     Plaintiff's arrest and/or detention was justified under the Penal Law and Criminal Procedure Law of the State of New York and the Fourth and Fourteenth Amendments to the United States Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

9.     The use of force, if any, was justified in the circumstances, and necessary and reasonable under the laws of the State of New York and the United States.

**EIGHTH AFFIRMATIVE DEFENSE**

10. To the extent that a Port Authority police officer, employee, servant and/or agent was involved, he or she acted in good faith and with probable cause and justification, and therefore no claim lies against said person(s) in the conduct of his or her duties.

**NINTH AFFIRMATIVE DEFENSE**

11. To the extent that a Port Authority police officer was involved, he or she is entitled to a qualified immunity with respect those acts performed pursuant to his or her duties and responsibilities as a police officer in the State of New York.

**TENTH AFFIRMATIVE DEFENSE**

12. The Port Authority is immune from suit for its exercise of discretion in the performance of a governmental function and/or its exercise of professional judgment.

**ELEVENTH AFFIRMATIVE DEFENSE**

13. The liability of the Port Authority, if any, must be limited by the provisions of CPLR Article 16.

**TWELFTH AFFIRMATIVE DEFENSE**

14. The Port Authority cannot be held liable for punitive damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

15. The alleged damages, if any, were the result, in whole or in part, of the direct and proximate negligence, want of care, or other conduct of persons, their agents or employees, or others unknown at this time over whom the Port Authority had no control at any time relevant thereto, and in the event the Port Authority is found liable to Plaintiff, which liability is expressly denied, the Port Authority is entitled to indemnification, contribution, or apportionment of liability pursuant to applicable law.

### **FOURTEENTH AFFIRMATIVE DEFENSE**

16. The alleged incidents and damages, if any, sustained by Plaintiff were caused in whole or in part by Plaintiff's culpable conduct.

### **FIFTEENTH AFFIRMATIVE DEFENSE**

17. The alleged damages were not proximately caused by any negligence, want of care or other culpable conduct on the part of the Port Authority.

### **SIXTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff assumed the risk of her alleged injuries and on that account the Port Authority is not liable to Plaintiff.

### **SEVENTEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by the Port Authority or by any person for whom the Port Authority is responsible.

### **EIGHTEENTH AFFIRMATIVE DEFENSE**

20. To the extent that a Port Authority police officer, employee, servant and/or agent was involved, the Port Authority is not liable for acts performed outside the scope of said person(s) employment.

### **NINETEENTH AFFIRMATIVE DEFENSE**

21. To the extent that a Port Authority police officer, employee, servant and/or agent was involved, the Port Authority is not responsible for intentional torts, if any, committed by said person(s).

## TWENTIETH AFFIRMATIVE DEFENSE

22.     The City's Cross-Claim and/or damages, if any, should be barred and/or reduced as a result of estoppel, set-off, release and waiver, and further, that Plaintiff's damages, if any, are contractually limited.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

23.     At the time of the incident complained of, the Port Authority owed no legal duty to the City or, in the alternative, the Port Authority did not breach any legal duty owed to the City.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

24.     Without admitting to the existence of any contract or responsibility, the Port Authority contends that it did not breach any duty or contract between the parties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

25.     That if Plaintiff has received remuneration and/or compensation for some or all of her claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, the Port Authority is entitled to have Plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation pursuant to Section 4545(c) of the CPLR.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

26.     Any damages awarded to Plaintiff must be reduced by the amount of any collateral source, including, but not limited to, insurance, social security, workers compensation or employee benefit programs, that the Court finds was, or will be with reasonable certainty, replaced or indemnified.

## **RESERVATION OF DEFENSES AND OBJECTIONS**

27. The Port Authority hereby reserves the right to interpose such other defenses and objections as continuing investigation may disclose, and to the extent that any affirmative defense is incorrectly pleaded herein as a defense, it is so pleaded as an affirmative defense.

## **JURY DEMAND**

28. Pursuant to Fed. R. Civ. P. 38, the Port Authority demands a trial by jury.

**WHEREFORE,** the Port Authority demands judgment dismissing the City's Cross-Claims as against the Port Authority, together with attorneys' fees, costs and disbursements incurred by the Port Authority in the defense of the Cross-Claims and for such other relief as this Court may deem just, proper and equitable.

Dated: New York, New York
       October 9, 2015

DENTONS US LLP

By: *(signed)* Diane Westwood Wilson
    Diane Westwood Wilson
    Rebecca Tingey

1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 905-8369
Fax: (212) 768-6822
Email: diane.wilson@dentons.com
Email: rebecca.tingey@dentons.com

*Attorneys for Defendant The Port Authority of New York and New Jersey*

TO:    Mark J. Linder, Esq.
Harmon & Linder
3 Park Avenue, Suite 2300
New York, New York  10016
(212) 732-3665
*Attorneys for Plaintiff*

Zachary W. Carter, Esq.
Corporation Counsel of the City of
New York
100 Church Street
New York, New York 10007

-and-

Suzanne E. Aribakan, Esq.
Senior Counsel
New York City Law Department
100 Church Street
New York, New York 10007
(212) 356-2386
*Attorneys for Defendant*
*The City of New York*