```
                                                                    1

 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2

 3   - - - - - - - - - - - - -  X

 4   DEBORAH WOODS,              :
                                            15-CV-5167(SJ)
 5            Plaintiff          :

 6             -against-         :          United States Courthouse
                                            Brooklyn, New York
 7   THE CITY OF NEW YORK,       :
     et al.,
 8                                          January 21, 2016
              Defendant.         :          9:30 o'clock a.m.
 9
     - - - - - - - - - - - - -  X
10

11                  TRANSCRIPT OF STATUS CONFERENCE
              BEFORE THE HONORABLE STERLING JOHNSON, JR.
12                   UNITED STATES DISTRICT JUDGE.

13
     APPEARANCES:
14

15   For the Plaintiff:          HARMON LINDER & ROGOWSKY
                                 3 Park Avenue, Suite 2300
16                               New York, NY 10016

17                               BY: BRETT BLOOM, ESQ.

18
     For Defendant NYC:          NEW YORK CITY LAW DEPARTMENT
19                               100 Church Street
                                 New York, NY 10007
20
                                 BY: SUZANNE E. ARIBAKAN
21

22   For Defendant PANYNJ:       ROSENBAUM & TAYLOR, P.C.
                                 7-11 South Broadway, Suite 401
23                               White Plains, NY 10601

24                               BY:  SCOTT P. TAYLOR, ESQ.

25
```

                                                                    2

1    APPEARANCES:   (Continued)

2
     Court Reporter:                    Charleane M. Heading
3                                       225 Cadman Plaza East
                                        Brooklyn, New York
4                                       (718) 613-2643

5    Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
6

7

8                        *     *     *     *     *

9

10              THE CLERK:  Woods versus City of New York.

11              State your names for the record.

12              MR. BLOOM:  Sure.  Good morning, Your Honor.  Brett

13   Bloom, Harmon Linder & Rogowsky, 3 Park Avenue, Suite 2300,

14   New York New York, 10016, for the plaintiff.

15              THE COURT:  Go ahead.

16              MR. TAYLOR:  Scott Taylor from Rosenbaum & Taylor,

17   7-11 South Broadway, Suite 401, White Plains, 10601, for

18   defendant Port Authority.

19              MS. ARIBAKAN:  Good morning, Your Honor.  Suzanne

20   Aribakan for the City of New York, New York City Law

21   Department, 100 Church Street, New York, New York, 10007.

22              THE COURT:  What's the story?  What kind of case is

23   this?

24              MR. BLOOM:  It's an assault and battery case.

25              THE COURT:  Police?

3

1  MR. BLOOM:  Yes, sir.
2  THE COURT:  What's the story?
3  MR. BLOOM:  An incident at Kennedy Airport.
4  THE COURT:  Okay.
5  MR. BLOOM:  Parking in front of the terminal.
6  THE COURT:  And?
7  MS. ARIBAKAN:  Your Honor, our position is that NYPD
8  is not involved.  They were not proper parties.
9  MR. BLOOM:  I don't think -- the problem with that
10 is we haven't been able to identify whether the officers
11 involved were Port Authority Police which I presume they are
12 or New York, New York Police, New York City police officers.
13 MS. ARIBAKAN:  Your Honor, in response to counsel's
14 assertion, I produced in our Rule 26 disclosures the notice of
15 claim that attaches the Port Authority arrest report which
16 identifies the arresting officer and a shield number.
17 I've done a search.  NYPD does not have an officer
18 with the last name that matches the shield number.  I've also
19 conducted a search into whether or not Ms. Woods was in police
20 custody.  She wasn't.  Also, NYPD does not patrol JFK Airport.
21 THE COURT:  What's your application?
22 MS. ARIBAKAN:  We move to dismiss.
23 THE COURT:  Is there an objection to it?
24 MR. BLOOM:  My understanding of the purposes of this
25 appearance was to remand it back to State court.  There's been

4

1 a stipulation that's been passed among the parties to agree to
2 a $75,000, below $75,000 jurisdictional limit.
3     My understanding was counsel was instructed to make
4 a motion as to why the City wouldn't sign that stipulation so
5 the Court can remand this matter back to State court.
6     THE COURT: You still didn't answer my question.
7     MR. BLOOM: Understood. I think my firm's position
8 is that to do discovery to ensure that the officer wasn't,
9 New York Police wasn't involved. We would discontinue once --
10 I've never seen the document counsel referred to.
11     MS. ARIBAKAN: I have a copy here.
12     THE COURT: Okay. Your motion is granted.
13     MS. ARIBAKAN: Thank you.
14     THE COURT: Next. You give him a copy anyway.
15     MS. ARIBAKAN: I will.
16     THE COURT: All right.
17     (Matter concluded.)
18
19                 *   *   *   *   *
20
21 I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.
22
23     /s/ Charleane M. Heading            March 2, 2016
       _____    _____
24         CHARLEANE M. HEADING                  DATE
25