```
                                                              1


 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
 2

 3   - - - - - - - - - - - - - -  X

 4   DEBORAH WOODS,               :
                                       15-CV-5167(SJ)
 5            Plaintiff           :

 6             -against-          :    United States Courthouse
                                       Brooklyn, New York
 7   THE CITY OF NEW YORK,        :
     et al.,
 8                                     January 21, 2016
              Defendant.          :    9:30 o'clock a.m.
 9
     - - - - - - - - - - - - - -  X
10

11              TRANSCRIPT OF STATUS CONFERENCE
          BEFORE THE HONORABLE STERLING JOHNSON, JR.
12                UNITED STATES DISTRICT JUDGE.

13
     APPEARANCES:
14

15   For the Plaintiff:           HARMON LINDER & ROGOWSKY
                                  3 Park Avenue, Suite 2300
16                                New York, NY 10016

17                                BY: BRETT BLOOM, ESQ.

18
     For Defendant NYC:           NEW YORK CITY LAW DEPARTMENT
19                                100 Church Street
                                  New York, NY 10007
20
                                  BY: SUZANNE E. ARIBAKAN
21

22   For Defendant PANYNJ:        ROSENBAUM & TAYLOR, P.C.
                                  7-11 South Broadway, Suite 401
23                                White Plains, NY 10601

24                                BY:  SCOTT P. TAYLOR, ESQ.

25
```

2

```
 1  APPEARANCES:  (Continued)
 2
    Court Reporter:                    Charleane M. Heading
 3                                     225 Cadman Plaza East
                                       Brooklyn, New York
 4                                     (718) 613-2643

 5  Proceedings recorded by mechanical stenography, transcript
    produced by computer-aided transcription.
 6

 7
                       *    *    *    *    *
 8

 9

10          THE CLERK:  Woods versus City of New York.

11          State your names for the record.

12          MR. BLOOM:  Sure.  Good morning, Your Honor.  Brett

13  Bloom, Harmon Linder & Rogowsky, 3 Park Avenue, Suite 2300,

14  New York New York, 10016, for the plaintiff.

15          THE COURT:  Go ahead.

16          MR. TAYLOR:  Scott Taylor from Rosenbaum & Taylor,

17  7-11 South Broadway, Suite 401, White Plains, 10601, for

18  defendant Port Authority.

19          MS. ARIBAKAN:  Good morning, Your Honor.  Suzanne

20  Aribakan for the City of New York, New York City Law

21  Department, 100 Church Street, New York, New York, 10007.

22          THE COURT:  What's the story?  What kind of case is

23  this?

24          MR. BLOOM:  It's an assault and battery case.

25          THE COURT:  Police?
```

1           MR. BLOOM:  Yes, sir.

2           THE COURT:  What's the story?

3           MR. BLOOM:  An incident at Kennedy Airport.

4           THE COURT:  Okay.

5           MR. BLOOM:  Parking in front of the terminal.

6           THE COURT:  And?

7           MS. ARIBAKAN:  Your Honor, our position is that NYPD

8 is not involved.  They were not proper parties.

9           MR. BLOOM:  I don't think -- the problem with that

10 is we haven't been able to identify whether the officers

11 involved were Port Authority Police which I presume they are

12 or New York, New York Police, New York City police officers.

13           MS. ARIBAKAN:  Your Honor, in response to counsel's

14 assertion, I produced in our Rule 26 disclosures the notice of

15 claim that attaches the Port Authority arrest report which

16 identifies the arresting officer and a shield number.

17           I've done a search.  NYPD does not have an officer

18 with the last name that matches the shield number.  I've also

19 conducted a search into whether or not Ms. Woods was in police

20 custody.  She wasn't.  Also, NYPD does not patrol JFK Airport.

21           THE COURT:  What's your application?

22           MS. ARIBAKAN:  We move to dismiss.

23           THE COURT:  Is there an objection to it?

24           MR. BLOOM:  My understanding of the purposes of this

25 appearance was to remand it back to State court.  There's been

1  a stipulation that's been passed among the parties to agree to
2  a $75,000, below $75,000 jurisdictional limit.
3          My understanding was counsel was instructed to make
4  a motion as to why the City wouldn't sign that stipulation so
5  the Court can remand this matter back to State court.
6          THE COURT:  You still didn't answer my question.
7          MR. BLOOM:  Understood.  I think my firm's position
8  is that to do discovery to ensure that the officer wasn't,
9  New York Police wasn't involved.  We would discontinue once --
10 I've never seen the document counsel referred to.
11         MS. ARIBAKAN:  I have a copy here.
12         THE COURT:  Okay.  Your motion is granted.
13         MS. ARIBAKAN:  Thank you.
14         THE COURT:  Next.  You give him a copy anyway.
15         MS. ARIBAKAN:  I will.
16         THE COURT:  All right.
17         (Matter concluded.)
18
19                  *     *     *     *     *
20
21 I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.
22
23     /s/ Charleane M. Heading              March 2, 2016
   _____    _____
24     CHARLEANE M. HEADING                      DATE
25